[No. 14755.  In Bank. — October 20, 1891.]

CITY OF SAN LUIS OBISPO et al., Plaintiffs, *v.* CHARLES A. HASKIN, City Treasurer, etc., Defendant.

91   549
104   524
91   549
136   148

Municipal Corporations — Bonds for Municipal Improvements — Notice of Special Election — Amount of Tax Levy — Mandamus. — Where the board of trustees of a municipal corporation passed and published ordinances determining that it was necessary to make certain municipal improvements, and estimating therein the cost of each improvement, and calling a special election submitting to the qualified voters of the city the question of incurring an indebtedness and bonding the city for the improvements, and providing that each proposed improvement should be voted on separately, a notice, of the election, stating the cost of each improvement and its purpose, and specifying the number and face value of the bonds to be issued for each purpose, and the rate of interest thereon, and fixing the proportion of the indebtedness which should be paid each year until the whole should be paid, sufficiently states the amount of tax levy which is to be made for the payment of the bonds and interest for each year during the existence of the debt, as required by section 3 of the act of March 19, 1889, and *mandamus* will lie to compel the issuance of the bonds voted for at such special election.

APPLICATION. to the Supreme Court for a writ of *mandamus* to require .the defendant, as treasurer of the city of San Luis Obispo, to issue bonds. The facts are stated in the opinion of the court.

*William Shipsey,* for Petitioner.

*John A. Kimball,* for Respondent.

PATERSON, J. — It is admitted that the plaintiffs are entitled to the writ prayed for, if the notice required by section 3 of the act of March 19, 1889, and published by order of the board of trustees, sufficiently states the amount of tax levy which is to be made for the payment of the bonds and interest for each year during the existence of the debt. The act provides that the notice shall state "the number and character of the bonds to be issued, the rate of interest to be paid, and the amount of tax levy to be made for the payment thereof." (Stats. 1889, p. 400.)

The board passed and published ordinances determining that it was necessary to make certain municipal improvements, and estimated therein the cost thereof as follows: Bridges, $14,628.50; grading, filling, etc., of Higuera Street, $16,929.73; widening Chorro Street, $2,500; Pacific Street, $1,500; sewers, $9,431.77; total, $45,000; and calling a special election submitting to the qualified voters of the city the question of incurring an indebtedness and bonding the city for said improvements. The latter ordinance provided that each proposition above stated should be voted on separately. Thereafter a notice was published calling a special election to determine whether an indebtedness should be incurred in the amounts and for the purposes above set forth. The notice specified that the number of bonds to be issued was as follows: For said bridges, twenty bonds of $731.43 each; for improving Higuera Street, twenty bonds of $847 each; improving Chorro Street, twenty bonds of $125 each; improving Pacific Street, twenty bonds of $75 each; for sewers, twenty bonds of $471.60. It was

further stated in the notice that the bonds should be payable as follows: " One twentieth part of the whole amount of indebtedness shall be paid each year till all is paid, payable on a day and place to be hereafter fixed by the city council, together with interest on all sums unpaid at such date. The rate of interest to be paid on said debt will be five per cent per annum; and the amount of the tax levy for payment of such bonds and interest for each year during the existence of said debt will be one twentieth of the amount that may be voted and created as above specified, and sufficient to pay the yearly interest as above set forth."

This notice was as definite as it could be made under the circumstances. The trustees could not determine with certainty the amount of tax levy necessary to be made for the payment of the indebtedness until the result of the election on the five separate propositions submitted to the voters was known. The best it could do was to fix the proportion of the indebtedness which should be paid each year. The notice gave to each voter all the information which could be reasonably required under the circumstances. It gave him sufficient *data* upon which to calculate with certainty the amount of tax levy which would be required each year to pay the indebtedness which he proposed by his vote to incur.

The case of *People* v. *Baker*, 83 Cal. 149, does not support the defendant's contention. In that case it appears that the proposed improvements consisted of bridges, highways, a jail, a poor-house, and a hospital, but the notice failed to specify how much money the supervisors proposed to devote to each improvement. The bonds were held to be invalid for this reason.

It is ordered that the writ issue as prayed for.

Harrison, J., De Haven, J., Garoutte, J., Sharpstein, J., and Beatty, C. J., concurred.